ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. Atlanta

MAR 26 2013

James N. Hatten, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:13CR0103 |
| LUIS FERNANDO OSPINA(01), | : | |
|     a/k/a Caneco, | : | UNDER SEAL |
| CARLOS MARIO DUQUE-GALLEGO(02), | : | |
|     a/k/a Bunuelo, | : | |
| JORGE YIMIS MARIN-GIRALDO(03), | : | |
|     a/k/a Carnal, | : | |
| LUIS FELIPE GARCIA-JIMINEZ(04), | : | |
|     a/k/a Pipe, | : | |
| ARMANDO RAMIREZ(05), | : | |
|     a/k/a Negro, | : | |
| JOEL LOPEZ(06), and | : | |
| JOHN MARIO QUIROZ(07), | : | |
|     a/k/a Gordo | : | |

THE GRAND JURY CHARGES THAT:

COUNT ONE

Beginning on a date unknown to the grand jury, but at least as early as in or about April 2012, and continuing until on or about the date of this indictment, in the Northern District of Georgia and elsewhere, the defendants,

LUIS FERNANDO OSPINA,
CARLOS MARIO DUQUE-GALLEGO,
JORGE YIMIS MARIN-GIRALDO,
LUIS FELIPE GARCIA-JIMINEZ,
ARMANDO RAMIREZ,
JOEL LOPEZ, and
JOHN MARIO QUIROZ,

knowingly did combine, conspire, confederate, agree and have a tacit understanding with each another and with others known and

unknown to the Grand Jury, to commit violations of Title 21, United States Code, Sections 952(a) and 960(a)(1), that is, knowingly and intentionally to import into the United States from a place outside thereof, a controlled substance, said conspiracy involving at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(A).

<u>COUNT TWO</u>

Beginning on a date unknown to the grand jury, but at least as early as in or about April 2012, and continuing through on or about the date of this indictment, in the Northern District of Georgia and elsewhere, the defendants,

LUIS FERNANDO OSPINA,
CARLOS MARIO DUQUE-GALLEGO,
JORGE YIMIS MARIN-GIRALDO,
LUIS FELIPE GARCIA-JIMINEZ,
ARMANDO RAMIREZ,
JOEL LOPEZ, and
JOHN MARIO QUIROZ,

knowingly did combine, conspire, confederate, agree and have a tacit understanding with each another and with others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, knowingly and intentionally to possess with intent to distribute, and knowingly and intentionally to distribute a controlled substance, said conspiracy involving at least one kilogram of a mixture and

2

substance containing a detectable amount of heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(i).

COUNT THREE

On or about July 13, 2012, in the Northern District of Georgia, the defendants,

LUIS FERNANDO OSPINA,<br>
CARLOS MARIO DUQUE-GALLEGO,<br>
LUIS FELIPE GARCIA-JIMINEZ,<br>
ARMANDO RAMIREZ, and<br>
JOEL LOPEZ,

aided and abetted by one another and by others who are unknown to the Grand Jury, knowingly and intentionally did attempt to possess with intent to distribute a controlled substance, that is, at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)(i).

COUNT FOUR

Beginning on a date unknown to the grand jury, but at least as early as April 2012, and continuing through in or about the date of this indictment, in the Northern District of Georgia and elsewhere, the defendants,

LUIS FERNANDO OSPINA,<br>
JORGE YIMIS MARIN-GIRALDO,<br>
ARMANDO RAMIREZ,<br>
JOEL LOPEZ and<br>
JOHN MARIO QUIROZ,

knowingly did conspire with each other and with others known and

3

unknown to the grand jury, to commit certain offenses under Title 18, United States Code, Section 1956, namely, to transport, transmit and transfer, and to attempt to transport, transmit and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States,

a. with the intent to promote the carrying on of a specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance, punishable under any law of the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b. knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of a specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance, punishable under any law of the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

4

c. knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer were designed in whole and in part to avoid a transaction reporting requirement under Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii);

All in violation of Title 18, United States Code, Section 1956(h).

### FORFEITURE PROVISION

1. Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two and Three of this Indictment, defendants shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said violations, and any and all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the said violations, including but not limited to the following:

A. MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

2. Upon conviction of the money laundering offense alleged in Count Four of this Indictment, in violation of Title 18, United

5

States Code, Section 1956, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses and all property traceable to such offenses, including but not limited to the following:

    A.    A sum of money in United States currency equal to the total value of property involved in each offense for which the defendants are liable. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

    3.    If, as a result of any act or omission of the defendants, any property subject to forfeiture:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third person;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2460(c), to seek forfeiture of any other property of said

defendants up to the value of the forfeitable property described above.

A _____ BILL

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JANE SWIFT BORUCKI
SPECIAL ASSISTANT U.S. ATTORNEY
Georgia Bar No. 758450

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
jane.borucki@usdoj.gov